[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR CONTEMPTAND MODIFICATION (DOCKET NOS. 174.09 AND 175.09)
This motion has previously been before the court. At that time the parties entered an agreement dated November 3, 1994, which was submitted to the court. While the file does not presently reflect, the court approves the same and shall enter orders in accordance with the parties' agreement.
The parties agreed on November 3 that they would return to court in two weeks to argue child support issues. They have done so. However, the court was unable to hear this motion on November 17 when both of the parties were present and continued the matter to November 18 at which time it was heard.
Unfortunately, the defendant was unable to be present for the hearing on November 18, claiming that she was feeling poorly and had an appointment to see her doctor for what she claimed was a fast beating heart. Her attorney, however, was present and the court had the benefit of the defendant's financial affidavit. In CT Page 11735 that financial affidavit the defendant shows no income.
The plaintiff, who appears pro se in this matter, had caused a subpoena to be served upon Fatima Vilar, Lead Claim Examiner of the Second Injury Fund. Ms. Vilar testified that she was responsible for the defendant's file as maintained by the Workers' Compensation Second Injury Fund and that the defendant is paid $755.22 biweekly, which amount includes an additional $10 per week for a dependent, that being the minor child Tricia Lori Castro, born June 12, 1977.
As is reflected by Tricia's birth date, she is now 17 1/2 years of age and residing with the plaintiff at 2050 Reservoir Avenue in Trumbull, Connecticut. The defendant presently resides at 3015 Main Street, Bridgeport, apartment 102.
It is clear from the testimony of Ms. Vilar that the plaintiff is receiving $377.61 per week by way of Workers' Compensation. Under the provisions of § 46b-215a-1 of the Child Support and Arrearage Guidelines, more particularly (11)(A)(vii) workers' compensation is considered "gross income" for child support payments. Such payments are subject to federal and state income tax.
The court computes federal and state income tax to be $40 per week. This leaves net income for support calculation for the defendant of $337, which the court shall reduce to $335. Total net income of both parties is $640. Child support based upon the guidelines is $161. Child's health insurance is $11 for a total of $172. Defendant's share of this obligation is 52 percent of $172 or $89. The court finds the defendant's obligation for child support at $85 per week.
The defendant argues that the original orders for custody still are in effect so that there can be no order for child support to be paid by the defendant. This makes no sense in view of the fact that the child is living with the plaintiff.
The court, in view of the agreement entered by the parties, orders that the original decree of October 11, 1990 shall be further amended to provide for joint custody of the minor child, the child to reside principally with her father. The court has had evidence only upon the guidelines and the provisions of § 46b-215 (a) and (b) of the General Statutes. The court has had no evidence relative to deviation from the guidelines or with respect CT Page 11736 to the factors of § 46b-84 or the best interests of the 17 1/2 year old child under the provisions of § 46b-56. Its decision is based entirely upon the evidence introduced. The orders entered herein are without prejudice to the defendant. Unless the defendant moves to reopen this court's decision within two (2) weeks of the defendant's receipt of the orders herein, the orders set forth herein shall stand.
In summation, the court grants the motion for modification, orders that there shall be joint custody of the minor child, the child to reside principally with the plaintiff, her father; that the defendant shall pay to the plaintiff by way of support the sum of $85 per week subject to an immediate order for wage withholding payable directly to the obligee; that the defendant shall have broad and liberal rights of visitation with the minor child, exercisable upon reasonable notice.
EDGAR W. BASSICK, III, JUDGE